**ELECTRONICALLY FILED**
DOC ID: 18894549
CASE NO: 2022-LA-0000229
DATE: 8/1/2022 10:22 AM
BY: A H, DEPUTY

## STATE OF ILLINOIS
## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
## COUNTY OF WINNEBAGO

| | | |
|---|---|---|
| SUSAN K. BERGSTROM,<br>      Plaintiff,<br>vs.<br>MICHAELS STORES, INC., A Foreign Corporation<br>      Defendant. | )<br>)<br>)<br>)<br>)<br>) | No. 2022-LA-0000229 |

### VERIFIED COMPLAINT AT LAW

NOW COMES the Plaintiff, SUSAN K. BERGSTROM, by and through her attorneys, REESE & REESE, and for her Complaint against the defendant, MICHAELS STORES, INC., a foreign corporation, (herein after MICHAELS), alleges as follows:

1. That the plaintiff, SUSAN K. BERGSTROM, at all times relevant herein, was residing at 665 Althea Street, Machesney Park, County of Winnebago and State of Illinois.

2. That the registered agent for defendant, MICHAELS, is an Illinois Corporation Service Company, 801 Adlai Stevenson Drive, in the City of Springfield, County of Sangamon, State of Illinois.

3. That at all times relevant herein, the defendant, MICHAELS, was doing business at 1017 West Lane Road in the Village of Machesney Park, County of Winnebago and State of Illinois.

4. That on September 13, 2020, the defendant, MICHAELS, owned, operated, maintained and controlled the premises located at 1017 West Lane Road in the Village of Machesney Park, County of Winnebago and State of Illinois.

5. That in the course of their said operation, the defendant, MICHAELS, invited the plaintiff, SUSAN K. BERGSTROM, to enter said premises.

6. That on September 13, 2020, the plaintiff, SUSAN K. BERGSTROM, was on the premises of said defendant, MICHAELS, pursuant to said invitation.

Exhibit A

7. That on September 13, 2020, the plaintiff, SUSAN K. BERGSTROM, slipped and fell on a wet substance on the floor while walking towards the exit just beyond the checkout lanes.

8. That at all times material herein, the plaintiff, SUSAN K. BERGSTROM, was in the exercise of ordinary care and caution for her own safety and free from contributory negligence.

9. That it then and there became and was the duty of the defendant, MICHAELS, by and through its duly authorized agents, servants, and/or employees, to exercise reasonable care in the care and maintenance of said premises for the safety of those persons, including the plaintiff, SUSAN K. BERGSTROM, who were lawfully on said premises.

10. That at said time and place, the defendant, MICHAELS, by and through its duly authorized agents, servants, and/or employees, notwithstanding its duty aforesaid, acted or failed to act in one or more of the following ways:

   a. Defendant failed to clean up the wet substance on the floor for an unreasonably long period, creating a condition that the defendant knew or should have known was hazardous;

   b. Defendant failed to inspect said floor and maintain it in a safe condition;

   c. Defendant failed to warn patrons, including the plaintiff, that the floor was unsafe and hazardous because of the wet substance that was on the floor;

   d. Defendant failed to put up a barricade or warning signs to protect and warn plaintiff and other patrons that there was a wet substance on the floor causing the floor to become slippery and dangerous; and

   e. Defendant failed to properly and adequately clean up the wet substance on the floor.

11. That the defendant, MICHAELS, was negligent in one or more of the following ways:

2

    a. Defendant failed to clean up the wet substance on the floor for an unreasonably long period, creating a condition that the defendant knew or should have known was hazardous;

    b. Defendant failed to inspect said floor and maintain it in a safe condition;

    c. Defendant failed to warn patrons, including the plaintiff, that the floor was unsafe and hazardous because of the wet substance that was on the floor;

    d. Defendant failed to put up a barricade or warning signs to protect and warn plaintiff and other patrons that there was a wet substance on the floor causing the floor to become slippery and dangerous; and

    e. Defendant failed to properly and adequately clean up the wet substance on the floor.

12. That as a direct and proximate result of one or more of the foregoing acts or omissions, the plaintiff, SUSAN K. BERGSTROM, was caused to slip and fall to the ground, sustaining injuries of a personal, pecuniary and permanent nature.

WHEREFORE, plaintiff, SUSAN K. BERGSTROM, prays for judgment in her favor and against the defendant, MICHAELS, a foreign corporation, for an amount in excess of $50,000.00, plus costs of this suit, and for any other relief, as the Court deems just and equitable.

                                              SUSAN K. BERGSTROM, Plaintiff
                                              BY: REESE & REESE, Her Attorneys
                                              BY: _____
                                                          One of Them

Christopher M. Reese
ARDC #6287172
REESE & REESE
979 North Main Street
Rockford, IL 61103
815/968-8851
cmreese@reeseandreese.com

## VERIFICATION

Under penalties as provided by law pursuant to 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

_____
SUSAN K. BERGSTROM